JOURNAL ENTRY AND OPINION
Defendant Richard J. Tipton appeals from the judgment of the Cleveland Municipal Court which struck his counterclaim for damages in connection with the loss of his security agreement paid to plaintiff George Nosek. For the reason set forth below, we reverse and remand for further proceedings.
On August 14, 2000, plaintiff George Nosek filed a complaint against defendant in the Small Claims Division of the Cleveland Municipal Court. Plaintiff alleged that he rented property, located at 3212 Montclair Avenue in Cleveland, to defendant and that defendant caused $1,738.86 in damages to the premises. Plaintiff further alleged that he was holding defendant's security deposit in the amount of $973.83, thereby leaving a deficiency of $765.03.
On September 11, 2000, defendant filed an answer in which he denied the allegations of plaintiff's complaint, and a counterclaim which stated in relevant part, as follows:
 9. Plaintiff has improperly applied the Defendant's security deposit.
 10. The Defendant has complied with O.R.C. 5321.05 and the rental agreement.
 11. Plaintiff has violated O.R.C. 5321.16 by failing to properly return the Defendant's security deposit.
 WHEREFORE, having fully answered, the Defendant prays that this court render judgment in its favor and that Plaintiff's Complaint be dismissed with prejudice and the Defendant's Counterclaim be granted and that Defendant be awarded the costs of this action, in an amount that is consistent with O.R.C. 5321.16(C) including reasonable attorney's fees.
On November 6, 2000, the trial court sua sponte struck defendant's counterclaim and stated:
 * * * it fails to plead a monetary claim. The Court cannot determine if it is within the monetary jurisdiction of the Small Claims Division or even the General Division of the Municipal Court.
This order was not journalized until November 24, 2000, however, and within this journal entry, the court set the matter for trial on plaintiff's complaint on November 30, 2000.
On November 28, 2000, defendant filed an amended counterclaim which contained the following demand for judgment:
 Defendant Richard J. Tipton demands judgment on his Counterclaim, pursuant to R.C. 5321.16(C) against Plaintiff for the amount wrongfully withheld of $973.83.
 Defendant further requests statutory damages pursuant to R.C. 5321.16(C) in the amount of $973.83. Defendant further requests statutory attorney fees pursuant to R.C. 5321.16(C) in an amount determined by the court, plus interest at 5% per annum from September 19, 1998, to date of judgment and at 10% per annum thereafter, plus costs and any legal or equitable relief the court deems just and proper.
Following trial before a referee, judgment was entered for defendant on plaintiff's complaint. The court further ruled that defendant's second counterclaim was not timely filed pursuant to Loc.R. 13.03 of the Cleveland Municipal Court. Defendant filed objections to the report of the referee but the court eventually overruled defendant's objections. Defendant now appeals and assigns four errors for our review.
Defendant's first, second and third assignments of error are interrelated and state:
 THE TRIAL COURT ERRED AS A MATTER OF LAW IN STRIKING MR. TIPTON'S COUNTERCLAIM OF 9/11/2000 SUA SPONTE BECAUSE A MOTION TO STRIKE CANNOT BE USED TO RULE ON THE SUFFICIENCY OF AN ENTIRE CLAIM.
 EVEN IF THE COURT'S ACTION OF STRIKING MR. TIPTON'S COUNTERCLAIM OF 9/11/2000 CAN BE CONSTRUED AS THE GRANTING OF A 12(B)(6) MOTION TO DISMISS, THE TRIAL COURT ERRED AS A MATTER OF LAW BECAUSE THE COURT FAILED TO GIVE PRIOR NOTICE OF ITS INTENT TO DISMISS.
 THE TRIAL COURT ERRED AS A MATTER OF LAW IN STRIKING MR. TIPTON'S COUNTERCLAIM OF 9/11/2000 SUA SPONTE BECAUSE ALL THE PLEADINGS, WHEN READ TOGETHER, CLEARLY INDICATED THE AMOUNT OF THE MONETARY RELIEF MR. TIPTON SOUGHT FROM THE LANDLORD.
Within these assignments of error, defendant contends that the trial court erred in striking his September 11, 2000, counterclaim. These claims lack merit.
With regard to procedure, we note that pursuant to Civ.R. 12(F), a court may, upon its own initiative and at any time, order stricken from any pleading, an insufficient claim or defense.
Further, with regard to procedure, R.C. 1925.02 provides in relevant part as follows:
 (B) A counterclaim or cross-claim of three thousand dollars or less does not affect the jurisdiction of a small claims division. If a counterclaim or cross-claim exceeds three thousand dollars and if the case is transferred to the regular docket of the court, the court, if it finds that the counterclaim or cross-claim was without substantial grounds, may award reasonable attorney's fees by special order to the party against whom the counterclaim or cross-claim is instituted, if that party prevails in the action on that claim.
Pursuant to this statute, the small claims division of a municipal court is authorized to examine whether a counterclaim exceeds its jurisdiction. Lewallen v. Mentor Lagoons, Inc. (1993), 85 Ohio App.3d 91. In Lewallen, supra, the counterclaim did not coherently state sufficient facts to ascertain the monetary relief requested and the court therefore found it necessary to receive evidence relating to the counterclaim before determining where jurisdiction would be vested. Upon review, the appellate court found no error.
In this instance, defendant failed to state sufficient facts in order for the court to ascertain the amount of monetary relief requested. There was therefore no indication whether the counterclaim was within the jurisdiction of the Small Claims Division of the Cleveland Municipal Court and no indication as to where jurisdiction over the claim could be vested. The trial court therefore should have undertaken an inquiry before concluding that the counterclaim was outside of the jurisdiction of the small claims division.
These assignments of error are well-taken.
Defendant's fourth assignment of error states:
 THE TRIAL COURT ERRED AS A MATTER OF LAW IN DISMISSING MR. TIPTON'S SECOND COUNTERCLAIM, FILED ON 11/28/2000, AND ERRED WHEN IT DENIED MR. TIPTON JUDGMENT UNDER R.C. 5321.16.
Within this assignment of error, defendant contends that the trial court erred in dismissing his November 2000, counterclaim.
R.C. 1925.02(C) provides that, for small claims matters:
 Any person who files a counterclaim or cross-claim shall file it with the small claims division and serve it on all other parties at least seven days prior to the date of the trial of the plaintiff's claims in the original action.
In addition, Loc.R. 13.03 of the Cleveland Municipal Court provides that all counterclaims must be filed at least seven days prior to the scheduled trial date.
In this instance, the trial court's order striking the counterclaim was not journalized until November 24, 2000, and this order in turn set the matter for trial on plaintiff's complaint on November 30, 2000, or six days later. There was therefore no way that defendant could have complied with Loc.R. 13.03.
This assignment of error is therefore well-taken.
Reversed and remanded for further proceedings consistent with this opinion.
This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellant recover of said appellee his costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MICHAEL J. CORRIGAN, P.J. CONCURS. COLLEEN CONWAY COONEY, J., CONCURS IN JUDGMENT ONLY